UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA AYCHILLHUM,<br><br>                              Plaintiff,<br><br>        v.<br><br>SSI,<br><br>                              Defendant. | Case No. 23-cv-01341-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 3);**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND**<br><br>**(3) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 2)** |

Plaintiff Marsha Aychillhum is self-represented. She filed this lawsuit concerning her SSI—Supplemental Security Income. (ECF No. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP")—without paying the filing fee—and a Motion to Appoint Counsel. (ECF Nos. 2, 3.) For the reasons explained below, the Court grants Plaintiff's Motion to Proceed IFP, dismisses her Complaint with leave to amend, and denies without prejudice the Motion to Appoint Counsel.

**I.   Motion for Leave to Proceed IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to

1  proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having reviewed Plaintiff's IFP application, the Court is persuaded she qualifies for IFP status. Plaintiff has minimal income, including disability payments. (IFP Mot. 2.) She is not employed and lists no financial assets. (*Id.* 2–3.) Her expenses approximate or exceed her minimal income. (*Id.* 4.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Therefore, the Court grants Plaintiff's Motion for Leave to Proceed IFP (ECF No. 3).

## II.   Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). Hence, "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte.*'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Judicial review of claims arising under Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g). "The Supreme Court has stated that § 405(g) 'clearly limits judicial review to a particular type of agency action, *a 'final decision* of the Secretary made *after a hearing.*'" *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (emphasis in original) (quoting *Califano v. Sanders*, 430 U.S. 99, 108, 97 (1977)).

Here, Plaintiff's Complaint includes few details. She alleges her Supplemental Security Income was deducted when she traveled to Ethiopia. (Compl. 2.) Plaintiff says she traveled overseas for one month but lost six months of payments. (*Id.*) She asks the Court "to correct the mistake and get [her] money back." (*Id.*)

With limited exceptions, SSI benefits are available only to residents of the United States. 42 U.S.C. § 1382c(a)(1)(B)(i). Hence, a claimant loses eligibility for SSI benefits for any full month during which she is outside the United States.

1    *Id.* § 1382(f)(1). A claimant who is outside the United States for thirty consecutive
2    days or more is treated as remaining outside the United States until she has returned
3    to and remained in the United States for a period of thirty consecutive days. 20 C.F.R.
4    § 416.1327(a)(3).

5         If Plaintiff believes the Social Security Administration is incorrectly applying
6    these rules, then she must first raise this issue with the agency. Plaintiff's Complaint
7    includes no details about any notice(s) she received from the agency, her response,
8    or any other efforts to go through the Social Security Administration's appeals
9    process. *See, e.g.*, *Califano v. Aznavorian*, 439 U.S. 170, 172 (1978) (noting claimant
10   exhausted her administrative remedies without success before bringing claim
11   challenging decision to suspend SSI payments due to overseas travel); *see also*
12   *Ewbank v. Saul*, 829 F. App'x 789 (9th Cir. 2020) (addressing similar issue and
13   recoupment claim).

14        Under the administrative process, once an SSI claimant has received a notice
15   of a determination, such as a suspension of benefits or an overpayment, she may
16   request reconsideration of that decision. *See* 20 C.F.R. § 416.1402 (noting initial
17   agency determinations include a suspension or reduction of SSI benefits and a
18   determination of whether "an overpayment of benefits must be repaid"); *id.*
19   § 416.1409 (describing how to request reconsideration). If the claimant receives an
20   unfavorable determination on reconsideration, she may request a hearing before an
21   Administrative Law Judge. *See* 20 C.F.R. §§ 416.1430, 416.1433.

22        Plaintiff has the burden to demonstrate the Court has jurisdiction. *See*
23   *Mathews v. Eldridge*, 424 U.S. 319, 328–29 (1976). The Court lacks jurisdiction if
24   she has not used her administrative remedies with the Social Security Administration.
25   *See, e.g.*, *id.*; *Subia*, 264 F.3d at 902. Nor does Plaintiff show waiving the exhaustion
26   requirement is appropriate. The Court simply needs more information from Plaintiff
27   for it to determine if this case can proceed. Therefore, the Court dismisses her
28

Complaint.  The Court gives Plaintiff leave to amend her Complaint to provide more information.

Further, in light of the Court's subject matter determination, the Court denies without prejudice Plaintiff's Motion to Appoint Counsel (ECF No. 2).  She has not shown exceptional circumstances warrant a request for counsel in this civil proceeding.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3).  The Court **DISMISSES** Plaintiff's Complaint with leave to amend for lack of subject matter jurisdiction.

If Plaintiff wishes to file an amended complaint, she must do so by **January 12, 2024**.  Plaintiff should title her filing a First Amended Complaint, name the Acting Commissioner of the Social Security Administration as the defendant, and include more information about her claim.  In particular, Plaintiff should include allegations addressing whether she has attempted to resolve this issue with the Social Security Administration.  She also could attach any relevant notices or documents to her First Amended Complaint, including correspondence to or from the Social Security Administration.  The Court cautions Plaintiff that if she does not file a First Amended Complaint, the Court will dismiss this case without prejudice.

Finally, the Court denies without prejudice Plaintiff's Motion to Appoint Counsel (ECF No. 2).

**IT IS SO ORDERED.**

**DATED: December 18, 2023**

Hon. Cynthia Bashant
United States District Judge